**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DAVID SPENCER,

                Plaintiff,

v.

CHRISTIAN CLAVO, *et al.*,

                Defendants.

Case No. 2:24-cv-09660 (BRM) (SDA)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff *pro se* prisoner David Spencer's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1), second application to proceed *in forma pauperis* ("IFP") (ECF No. 5)[1], and a motion to appoint pro bono counsel (ECF No. 2). Having reviewed Plaintiff's application to proceed IFP, including his affidavit of indigence (ECF No. 5), the application to proceed IFP is **GRANTED**.

Therefore, at this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below and for good cause appearing, the Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff's motion for the appointment of pro bono counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

---

[1] The Court denied Plaintiff's previous IFP application. (ECF No. 4.)

**I.     BACKGROUND**

The Court construes the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is currently confined at the Bergen County Jail in Hackensack, New Jersey, as a pretrial detainee. (ECF No. 1 at 2, 7.) Plaintiff brings this civil rights action pursuant to 24 U.S.C. § 1983, against the following defendants in their official and individual capacities: Haledon County Detective Christian Clavo ("Det. Clavo"), Detective Jeffrey Welsh ("Det. Welsh"), Officer John Duci ("Off. Duci"), Detective Arthur Rhinesmith ("Det. Rhinesmith"), Captain Guzman ("Cpt. Guzman"), Sergeant Lindberg ("Sgt. Lindberg"), Detective Anthony Colacurto ("Det. Colacurto"), Chief Assistant Prosecutor for County of Passaic Julie Serfess ("Chief Prosecutor Serfess"), Assistant Prosecutor Loren Youmans ("Prosecutor Youmans"), and Assistant Prosecutor Ata ("Prosecutor Ata") (collectively "Defendants"). (*See* ECF No. 1.)

The allegations in Plaintiff's Complaint are difficult to decipher. Giving *pro se* Plaintiff the benefit of every doubt, the Court liberally construes Plaintiff's Complaint and the accompanying exhibits[2]. As best the Court can glean, Plaintiff's allegations arise from a car accident, an alleged faulty investigation with fraud and abuse at every turn, culminating in his prosecution and detention. (*Id.* at 12, 31.)

---

[2] Plaintiff's Complaint included: an affidavit in support of a motion for civil suit (ECF No. 1 at 27–49); various supplemental attachments (*see generally id.*); an internal affairs report by Plaintiff, a warrant for Plaintiff's arrest and an accompanying affidavit of probable cause (ECF No. 1-4, Ex. A); Haledon Police Department supplemental investigation reports (*id.*, Ex. B); the transcription and translation of body worn camera footage from the incident (*id.*, Ex. C); a transcript of grand jury proceedings (*id.*, Ex. D); a Passaic County Sheriff's Office investigation report (*id.*, Ex. E); a Patterson Police Department offense report (*id.*, Ex. F); and witness statements and an attorney letter (*id.*, Ex. G).

2

The Complaint alleges that on June 21, 2023, in Haledon, New Jersey, Plaintiff was the victim of a hit and run accident. (*Id.*) Ms. Bazaogorrochategui, referred to throughout the Complaint as "Ms. KB," is alleged to have sideswiped Plaintiff's vehicle and damaged the mirror. (*Id.*) Plaintiff contends he was not in the vehicle at the time of the accident, but he entered his car and pursued Ms. KB to a stoplight. (ECF No. 1-4 at 51, Ex. G (Statement of Exquendaysia Johnson); ECF No. 1 at 12.) He entered her vehicle through the passenger side door, stating he was "only trying [to get] insurance information from [Ms. KB]." (ECF No. 1 at 40; *see* ECF No. 1-4 at 51, Ex. G.)

Plaintiff puts forth contradictory information about what occurred next. The Complaint initially alleges he did not threaten Ms. KB. However, that is contradicted by the transcription and translation of body worn camera footage of the interaction between defendants Det. Clavo, Det. Welsh, Off. Duci, and Ms. KB following the incident, which Plaintiff attached to the Complaint as "Exhibit C."[3] (ECF No. 1-4 at 14–32, Ex. C (Transcription/Translation of body worn camera footage).) The Complaint also includes a transcript of the grand jury testimony of Det. Welsh (*id.* at 38, Ex. D (Grand Jury Testimony of Det. Welsh)), and Det. Clavo's and Det. Welsh's supplemental investigation reports (*id.* at 9–13, Ex. B (Supplemental Investigation Reports)), which indicate Ms. KB stated Plaintiff "took [her] handbag to check inside and take money from [her]." (*Id.* at 19, Ex. C.) She claimed Plaintiff entered the car and "threatened that when he'd see [her], he would break

---

[3] "[A] plaintiff can plead himself out of court by alleging facts which show he has no claim, even though he was not required to allege those facts . . . . Allegations in a complaint are binding admissions . . . and admissions can of course admit the admitter to the exit from the federal courthouse." *Gutierez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) (quoting *Jackson v. Marion Cnty.*, 66 F.3d 151, 153 (7th Cir. 1995)). Here, Plaintiff ostensibly pleads himself out of court by including the transcription and translation of Ms. KB's conversation with defendants Det. Clavo and Det. Welsh. (ECF No. 1-4 at 16, Ex. C.) Pursuant to Fed. R. Civ. P. 10(c) "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Ms. KB stated to the officers "[Plaintiff] took it, my phone and my handbag[,] [w]hen he saw that I didn't have cash." (ECF No. 1-4 at 24, Ex. C.) This statement, included in Plaintiff's Complaint, renders Plaintiff's allegations untenable.

[her] car and that sort of thing." (*Id.* at 18, Ex. C.) The reports of Det. Calvo and Det. Welsh as well as Det. Welsh's grand jury testimony largely mirror the information relayed in the transcription and translation of the body worn camera footage. (*See generally*, *id.*) Plaintiff was absent from the scene when Ms. KB recounted the events to the law enforcement officers as he had driven off with witness Exquenaysia Johnson ("Johnson") after exiting Ms. KB's vehicle. (*Id.* at 38, Ex. D at 9:7–13.)

The Complaint alleges Johnson returned to the scene without Plaintiff and identified herself to law enforcement. (*Id.* at 39, Ex. D at 11:2–8.) She recounted seeing Ms. KB hit Plaintiff's vehicle. (*Id.*, Ex. D at 11:9–13.) Corporal Clavo asked Johnson to identify Plaintiff. (*Id.* at 40, Ex. D at 12:1–5.) Johnson said she only knew him from the neighborhood but identified him by the name "Dave." (*Id.*) Law enforcement provided Johnson with a DMV photo of Plaintiff, and she also identified the person in the photo as "Dave." (*Id.* at 40, Ex. D at 12:2–5.) Ms. KB also examined the photo and said it was the same man that had entered her vehicle earlier that evening. (*Id.*, Ex. D at 13:13 –19.)

Later that day, following the investigation and identification of Plaintiff, Judge John Segreto found probable cause for the issuance of a warrant for Plaintiff on charges of (1) robbery in violation of N.J. Stat. Ann. § 2C:15-1A(2), and (2) terroristic threats in violation of N.J. Stat. Ann. § 2C:12-3A based on an affidavit by Det. Welsh. (*Id.* at 4–7, Ex. A (Warrant, Commitment, and Affidavit of Probable Cause).) Plaintiff alleges Det. Welsh and Det. Clavo fabricated evidence and misrepresented statements in their supplemental reports and Det. Welsh provided false information to obtain the arrest warrant. (*See generally*, ECF Nos. 1, 1-4.)

Plaintiff alleges that on September 7, 2023, his attorney Kalman Harris Geist sent a letter to Chief Prosecutor Serfess, disputing the charges leveled against Plaintiff and requesting a private investigator testify at the upcoming grand jury proceedings. (*Id.* at 56, Ex. G (Attorney Letter).) Plaintiff alleges Chief Prosecutor Serfess never responded to the letter and "during the grand jury procedures, Prosecutor Julie Serfess mislead [sic] the grand jury with perjury/false police reports to

4

indict [Plaintiff] for burglary in the second degree, terroristic threats in the third degree, and attempted robbery in the second degree." (ECF No. 1 at 14.)

## II. LEGAL STANDARD

Pursuant the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321–77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DECISION

#### A.  Section 1983 Claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, "the violation of a right secured by the Constitution and laws of the United States" and, second, "the alleged deprivation was committed or caused by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The Court addresses the various § 1983 claims in turn.

#### 1.  Malicious Prosecution Claims

Malicious prosecution claims raised pursuant to § 1983 arise out of the protections enshrined in the Fourth Amendment. *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). To state a claim for malicious prosecution, a plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id*. (internal citations omitted).

### a. *Defendant Chief Prosecutor Serfess*

Plaintiff alleges defendant Chief Prosecutor Serfess's conduct during the December 4, 2023 grand jury proceedings violated his constitutional rights, namely those provided by the Fifth Amendment and Fourteenth Amendment. Plaintiff sues Chief Prosecutor Serfess in both her official and individual capacity and the Court construes the Complaint to raise a malicious prosecution claim. (ECF No. 1 at 39–43.) The Complaint alleges Chief Prosecutor Serfess knowingly withheld exculpatory information from the grand jury and allowed Det. Welsh to testify even though Chief Prosecutor Serfess knew Det. Welsh filed a false report. (*Id.* at 13.) Plaintiff further contends Chief Prosecutor Serfess received a letter from Plaintiff's attorney (ECF No. 1-4 at 56, Ex. G), requesting that a private investigator give testimony during the grand jury proceedings, and declined the request. (ECF No. 1 at 41–42.)

For a person to be liable under 42 U.S.C. § 1983, they must be a "person" as defined under that statute. *See West*, 487 U.S. at 48. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "Local governmental bodies and their officials, by contrast, are regarded as 'persons' amenable to suit under § 1983." *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 854 (3d Cir. 2014) (citing *Monell v. Dep't of Social Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978)). Chief Prosecutor Serfess, as an employee of the Passaic County Prosecutor's Office, is a state actor subject to § 1983 claims through *Monell*.

However, "[w]hen a county prosecutor's office and county prosecutors 'engage in classic law enforcement and investigative functions, they act as officers of the State' and are not amenable to suit." *Ianuale v. New Jersey*, Civ. A. No. 18-03069, 2024 WL 4856206, at *8 (D.N.J. Nov. 20, 2024) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)). Prosecutors are absolutely

7

immune from conduct in connection with a grand jury. *See Rose v. Bartle*, 871 F.2d 331, 345 (3d Cir. 1989); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).

Plaintiff's malicious prosecution claim against Chief Prosecutor Serfess is dismissed without prejudice because the defendant is immune from liability for conduct during grand jury proceedings when sued in her official and individual capacity. *See Rose*, 871 F.2d at 345; *see Will*, 491 U.S. at 71.

### b. *Defendants Det. Clavo and Det. Welsh*

The Complaint alleges defendants Det. Clavo and Det. Welsh falsified reports and statements leading to Plaintiff's prosecution for his conduct on June 21, 2023. (ECF No. 1 at 13.) The Complaint alleges both defendants ignored witnesses who would have attested to Plaintiff's lack of involvement in any criminal behavior. (*Id.* at 41.) Plaintiff further alleges the defendants' reports included false information about Plaintiff threatening Ms. KB when Plaintiff did no such thing, and Ms. KB never indicated to the officers she had been threatened.

That the criminal proceedings terminated in a plaintiff's favor is a requirement for bringing a malicious prosecution claim. *Halsey*, 750 F.3d at 296–97. Indeed, a cause of action for malicious prosecution does not accrue, and the statute of limitations does not begin to run, until the plaintiff has received a favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994). The favorable termination element is only satisfied if the criminal case was "disposed of in a way that indicates the innocence of the accused." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009), *abrogated on other grounds by Thomson v. Clark*, U.S. 596 U.S. 36 (2022). "The purpose of the favorable termination requirement is to avoid 'the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* (alteration omitted) (quoting *Heck*, 512 U.S. at 484).

8

The Complaint fails to allege Plaintiff received a favorable termination of the proceedings against him, an essential element of a malicious prosecution claim. *See Halsey*, 750 F.3d at 296–97. Further, Plaintiff's allegations of Det. Clavo and Det. Welsh lacking probable cause are belied by exhibits attached by Plaintiff to his Complaint. (ECF No. 1-4 at 24, Ex. C.) Plaintiff's malicious prosecution claim is dismissed without prejudice for failure to state a claim.

### 2. False Arrest/False Imprisonment Claims

To state a claim for false imprisonment, a plaintiff must establish: (1) he was detained; and (2) the detention was unlawful. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682 (3d Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). Conversely, "[f]alse arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

The Complaint contains a claim of false arrest and false imprisonment levied against "the officers and prosecuting officials." (ECF No. 1 at 43.) The claim against Chief Prosecutor Serfess mirrors the allegations for malicious prosecution and is dismissed without prejudice because Chief Prosecutor Serfess is immune from suit. *See* discussion *supra* Section III.A.1. The Court now considers the false arrest and false imprisonment claims it construes to be against defendants Det. Clavo and Det. Welsh.

Because the unidentified arresting officers relied on a valid warrant, the plaintiff must allege "(1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary for the finding or probably cause." *Sherwood v. Mulvihill*,

9

113 F.3d 396, 399 (3d Cir. 1997) (citing *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978)). "An assertion is made with reckless disregard when 'viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (quoting *United States v. Clapp*, 46 F.3d 795, 801 n.6. (8th Cir. 1995)).

Plaintiff does not allege he was arrested for the crimes stemming from Det. Clavo and Det. Welsh's involvement. While Plaintiff notes in the Complaint he is currently confined in Bergen County Jail, the Complaint lacks any in information regarding who arrested Plaintiff, what charges he was arrested for, and which warrant provided the basis of arrest. (ECF No. 1 at 2, 7.) Because the Complaint fails to establish what crime Plaintiff was detained for, the Court is unable to evaluate the alleged lack of probable cause and dismisses the claim for failure to state a claim. *See James*, 700 F.3d at 682.[4]

### 3. Fabrication of Evidence Claim

Testimony before a grand jury is protected by absolute immunity. *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *Peteete v. Asbury Park Police Dep't*, 477 F. App'x 887, 889 (3d Cir. 2012). Accordingly, Plaintiff's claims against defendants Chief Prosecutor Serfess and Det. Welsh related to their conduct during the grand jury proceeding is dismissed without prejudice. The Court now considers Plaintiff's claim against Det. Clavo and Det. Welsh for their alleged conduct during the

---

[4] Federal Rule of Civil Procedure 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Okagun v. Trs. Of Princeton Univ.*, Civ. A No. 21-18957, 2022 WL 2347168 at *2 (D.N.J. June 29, 2022) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). The Court liberally construes *pro se* Plaintiff's Complaint, which consists of a narrative accompanied by exhibits and, at times, case law. But the Court will not rewrite the Complaint. *See Shah v. Blue Cross Blue Shield of Tex.*, Civ. A. No. 16-8803, 2018 WL 1293164, at *6 (D.N.J. Mar. 13, 2018) (noting that a court will not rewrite a plaintiff's complaint to allow it to state a claim).

investigation of Plaintiff. Plaintiff contends Det. Clavo and Det. Welsh fabricated evidence against Plaintiff by misquoting Ms. KB and misrepresenting body worn camera footage. (ECF No. 1 at 13.)

"[A] fabrication of evidence claim pursuant to Section 1983 is cognizable 'if a defendant has been *convicted* at trial at which the prosecution has used fabricated evidence.'" *Guzman v. City of Newark*, Civ. A. No. 20-cv-6276, 2023 WL 373025, at *10 (D.N.J. Jan. 23, 2023) (quoting *Halsey*, 750 F.3d at 294 (emphasis added)).

The Court need not reach the factual inadequacy of the Complaint's fabrication of evidence claim because Plaintiff did not allege he was *convicted* at trial. *See id.* Therefore, a § 1983 claim for fabrication of evidence has not accrued and Plaintiff's claim is dismissed without prejudice for failure to state a claim.

### 4. Selective Prosecution Claim

The Court construes Plaintiff's Complaint as bringing a claim against defendants Det. Clavo and Det. Welsh for selective prosecution in violation of the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 1 at 37.) Plaintiff alleges Dets. Clavo and Welsh focused solely on him in their investigation following the hit-and-run because he was "black," refusing to question or arrest Ms. KB for her conduct in the crash. (*Id.* at 37, 46–47).

"A decision to prosecute is selective and violates the right to equal protection when it is made on a discriminatory basis with an improper motive." *Morris v. Verniero*, 453 F. App'x 243, 246 (3d Cir. 2011) (quoting *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989)). A plaintiff must show, at minimum, similarly situated persons were not subjected to prosecution during analogous incidents. *Id.*

Here, Plaintiff is mistaken as to what a selective prosecution claim requires. It is not that Det. Clavo and Det. Welsh decided to investigate him for the alleged robbery among other crimes instead of investigating Ms. KB for her alleged involvement in the car crash. Plaintiff has identified no

11

instances where a non-black individual was not prosecuted under similar circumstances. *See id.* Plaintiff's selective prosecution claim is dismissed without prejudice for failure to state a claim.

### 5. Brady Violation

The Court construes the Complaint to allege Prosecutor Youmans violated Plaintiff's due process rights under the Fourteenth Amendment by withholding exculpatory information. (ECF No. 1 at 34.) The complaint alleges some "evidence was withheld by the prosecutor . . . and the Haledon Police Department." (*Id.*)

The Supreme Court held in *Brady v. Maryland* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The Supreme Court then clarified in *Strickler v. Greene*:

> [T]he term "Brady violation" is sometimes used to refer to any breach of the broad obligation to disclose exculpatory evidence—that is, to any suppression of so-called "Brady material"—although, strictly speaking, there is never a real "Brady violation" unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict. There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.

527 U.S. 263, 281–82 (1999). Because § 1983 does not create substantive rights, instead providing a remedy for violations of rights created by the Constitution, a plaintiff cannot prevail unless the suppression of "*Brady*" material" rose to the level of a constitutional deprivation ("*Brady* violation"). *See Smith v. Holtz*, 210 F.3d 186, 195 (3d Cir. 2000) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

The Complaint fails to allege with any specificity what evidence was withheld by the Prosecutor Youmans in violation of Plaintiff's right to due process of law. The Court is not required

12

to accept Plaintiff's "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The Court cannot determine whether the Plaintiff was entitled to "*Brady* material" or suffered a "*Brady* violation" and, based on the pleadings is doubtful defendant Prosecutor Youmans could respond to the claim. Therefore, Plaintiff's *Brady* violation claim against Prosecutor Youmans is dismissed without prejudice.

### 6. Conspiracy

Plaintiff's conspiracy claims against defendants Det. Clavo, Det. Welsh, and Cpt. Guzman echoes the malicious prosecution, fabrication of evidence, and false arrest/false imprisonment claims levied against those defendants. *See* discussion *Supra* Sections III.A.1–3. (*See generally* ECF Nos. 1, 1-4.)

To prove a civil rights conspiracy claim, Plaintiff must show he suffered an actual deprivation of his constitutional rights. *See Ridgewood Bd. Of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999) ("In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right."); *Fioriglio v. City of Atlantic City*, 996 F. Supp. 379, 385 (D.N.J. 1998) ("[A] § 1983 conspiracy claim is not actionable without an actual violation of § 1983.") *aff'd*, 185 F.3d 861 (3d Cir. 1999). A conspiracy claim under § 1983 requires a "meeting of the minds," and to survive a motion to dismiss, plaintiffs must provide some factual basis to support the existence of the elements of a conspiracy, namely, agreement and concerted action. *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 (1970)).

Plaintiff's entire conspiracy discussion states "Det. Christian Clavo wrote a fraudulent police reports, [sic] provided false statements in his report and left out exculpatory evidence of a hit and run incident. And, conspired with Captain Guzman and Detective Welsh, who revied their police reports to charge, [sic] [Plaintiff] with robbery." (ECF No. 1 at 13.) Plaintiff provides no facts to

13

support the allegation that there was a "meeting of the minds" or an agreement. *See Twombly*, 550 U.S. at 556–57 (holding, at the pleading stage, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *Kennedy v. City of Philadelphia*, 749 F. App'x 90, 94 (3d Cir. 2018) (conclusory allegations of conspiracy are not sufficient to plead a claim these attorneys conspired with any state actors); *Himchak v. Dye*, 684 F. App'x 249, 253 (3d Cir. 2017) (same). Here, Plaintiff has not pleaded sufficient facts to show defendants Det. Clavo, Det. Welsh, and Cpt. Guzman conspired to deprive Plaintiff of a constitutional right. As such, Plaintiff's allegation is insufficient to state a claim for relief for conspiracy under § 1983 and is dismissed without prejudice.

### 7. Personal Involvement

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Complaint fails to allege personal involvement by defendants Off. Duci, Det. Rhinesmith, Cpt. Guzman, Sgt. Lindberg, Det. Colacurto, and Prosecutor Youmans. Therefore, any claim against those defendants in their individual capacities is dismissed without prejudice as a matter of law for lack of personal involvement. *See Iqbal*, 556 U.S. at 676.

### B. State Law Claims

Plaintiff brings what the Court construes as state claims for, *inter alia*, infliction of emotional distress (intentional and negligent), negligence, defamation, and false light.[5] The Court may "decline

---

[5] A complete list of Plaintiff's claims are as follows: "mental suffering, mental stress, P.T.S.D. mental shock, malice, willful misconduct, false arrest, false imprisonment, selective enforcement,

to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[The Third Circuit] has recognized that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendant state claims unless considerations of judicial economy convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added)). Accordingly, having dismissed all of Plaintiff's § 1983 and constitutional claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

### C. Motion for Appointment of Pro Bono Counsel (ECF No. 2)

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Section 1915(e)(1) provides, however, that "[t]he court may request an attorney to represent any person unable to employ counsel." *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). The Third Circuit has "cautioned that courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham*, 126

---

malicious abuse of process, violation of procedural due process, prosecutorial misconduct, pain and suffering, economic harm, slander, libel, malice, lack of following proper police training, tainting evidence, negligent infliction of emotional distress, negligent misrepresentation, misconduct falsa demonstratio, [sic] false-implication libel, false news, false light, mental anguish, defamation of character, subsequent negligence, slight negligence, implied malice, malconduct [sic] during police evidence gathering, breach of trust, erroneous description, professional malpractice, maltreatment of witnesses, deliberate indifference, perjury, racial profiling, emotional disturbance, violation of model rules of professional conduct responsibilities, discriminatory harassment, harmful behavior, badge of fraud, misconduct of police power, malicious abuse of quasi-judicial power, objective entrapment, violation of entire-controversy doctrine, corrupt-motive doctrine, and harassment, liberty-interest, estoppel by negligence and estoppel by misrepresentation." (ECF No. 1 at 8–9.)

F.3d at 458). The court must first determine "whether the claimant's case has some arguable merit in fact and law." *Id.*

If the claim has merit, whether a district court chooses to request counsel depends on several factors, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* (citing *Tabron*, 6 F.3d at 155–57).

As the Court has dismissed Plaintiff's Complaint in its entirety for the reasons stated above, the Complaint lacks merit for the purposes of the motion to appoint pro bono counsel. It is premature for the Court to appoint pro bono counsel and therefore Plaintiff's motion for the appointment of pro bono counsel (ECF No. 2) is denied without prejudice.

### IV. CONCLUSION

For the reasons stated above and for good cause having been shown, Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 1-1, 5) is **GRANTED,** Plaintiff's Complaint (ECF Nos. 1, 1-4) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted, and Plaintiff's motion for appointment of pro bono counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

Date: December 12, 2025                   */s/Brian R. Martinotti*
                                                             HON. BRIAN R. MARTINOTTI
                                                              UNITED STATES DISTRICT JUDGE